# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| BROOKE DIENST, | : | |
| | : | Case No. 2:09cv893 |
| Plaintiff, | : | |
| | : | JUDGE MARBLEY |
| v. | : | |
| | : | Magistrate Judge King |
| MARK McKINNEY, et al., | : | |
| | : | |
| Defendants. | : | |

## AGREED PROTECTIVE ORDER

1. Definitions:

    a. "Confidential Information" includes the following:

        i. Any and all personally identifiable information from an education record of a student that is protected by the Family Education Rights and Privacy Act, 20 U.S.C. §1232g; 34 C.F.R. Part 99.

        ii. Any and all information which is not a public record under O.R.C. 149.43 (A). Medical records under O.R.C. 149.43 (A)(1)(a) shall include those records which relate to any visit with any hospital, physician, psychologist, therapist, social worker or other health care provider or counselor.

    b. "Confidential Document" refers to a document that is marked as "confidential" by the producing party and that contains any of the above kinds of information defined as "Confidential Information."

    c. "Disclosure" or "disclose" means divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise communicate Confidential Information.

2. Confidential Information shall be utilized only for the purpose of this litigation.

3. <u>Disclosure of Confidential Information During Discovery</u>:

During the pendency of this litigation, Confidential Information shall be retained solely in the custody of the parties' counsel and their employees and shall not be placed in the possession of or disclosed to any other person, except under the following circumstances:

  a. Confidential Information may be disclosed to a court reporter during the course of a deposition.

  b. Confidential Information may be disclosed to witnesses in preparation for trial or deposition.

  c. Confidential Information may be disclosed as otherwise agreed upon by the parties or upon leave of Court.

  d. Counsel will make any witnesses or individuals to whom confidential information is being disclosed aware of the existence of this order as well as its terms, and will further advise any such witness that the terms and conditions of the order are binding upon them.

4. <u>Disclosure of Confidential Information to the Court</u>:

  a. All Confidential Documents that are filed with the Court that contain any portion of any Confidential Information shall be filed in a sealed envelope or other appropriately sealed container on which shall be endorsed the title to the action to which it pertains, an indication of the nature of the contents of such sealed envelope or other container, the phrase "Subject to Protective Order," and a statement substantially in the following form:

> This envelope is sealed and contains confidential information filed in this case by (name of party) and is not to be opened or the contents thereof displayed or revealed except by order of the court or pursuant to written stipulation of the parties to this action. This envelope or container shall not be opened without an order of the court, except by

officers of the court, and counsel of record, who, after reviewing the contents shall return them in a sealed envelope or container.

    b. Upon the conclusion of this action, all Confidential Documents, all excerpts thereof, and all copies thereof provided to any person or entity shall be returned to the producing party. Any materials prepared for purposes of the litigation that contains any Confidential Information that was derived from a Confidential Document shall be destroyed by the party that prepared the materials at the conclusion of the litigation, and said party shall upon request certify the destruction of such material.

5. If a nonproducing party contends that any material has been erroneously designated "confidential" that party shall, nevertheless, treat the material as "confidential" unless and until that party either (a) obtains the producing party's written permission to do otherwise, or (b) obtains an order of the court finding that the material is not "confidential."

6. The obligation to maintain confidentiality, as described herein, shall remain in force at all times prior and subsequent to the entry of the trial court's final judgment in this action.

7. Any information, documents or testimony produced or disclosed without a "Confidential" designation may be subsequently designated by the producing party as such, within ten (10) days of the producing party's knowledge that such material was subject to this Order and was entitled to, but inadvertently produced without the "Confidential" designation.

8. To the extent a document contains personally identifiable information from an education record of a student that is protected by the Family Education Rights and

Privacy Act, 20 U.S.C. §1232g; 34 C.F.R. Part 99, Defendant Delaware Area Career Center School District Board of Education will, prior to production of the document, make a reasonable effort to notify the parent or eligible student of this order so that the parent or eligible student may seek protective action, if desired. The notification to the parent or eligible student will indicate the date on which the document will be produced in the absence of the parent or eligible student obtaining protective relief.

9. This Protective Order shall not prevent any of the parties or any third party from applying to the Court for relief therefrom, or from applying to the Court for further or additional Protective Orders, or from agreeing between themselves in writing to modification of this Protective order, subject to the approval of the Court.

<u>December 4, 2009</u>                             <u>  *s/Norah McCann King*              </u>
                                                     UNITED STATES MAGISTRATE JUDGE

As Agreed to by:


<u>*s/ Michael D. Dortch per authority 12//2/09*</u>          <u>*s/ Stacy V. Pollock*                       </u>
Michael D. Dortch, Esq. (0043897)                    Nicole M. Donovsky, Esq. (0072262)
KRAVITZ, BROWN & DORTCH, LLC                         Richard W. Ross, Esq. (0009363)
65 East State Street, Suite 200                      Stacy V. Pollock, Esq. (0080229)
Columbus, Ohio 43215                                 MEANS, BICHIMER, BURKHOLDER
T: (614) 464-2000 / F: (614) 464-2002                 & BAKER CO., L.P.A.
mdortch@kravitzllc.com                               2006 Kenny Road
*Counsel for Plaintiff*                              Columbus, Ohio 43221
                                                     T: (614) 485-2010 / F: (614) 485-2019
<u>*s/ Robert L. Washburn per authority 12/1/09*</u>         ndonovsky@mbbblaw.com
Robert L. Washburn, Esq. (0012004)                   rross@mbbblaw.com
CLOPPERT, LATANICK,                                  spollock@mbbblaw.com
SAUTER & WASHBURN                                    *Counsel for Defendant Delaware Area*
250 East Broad Street                                *Career Center Board of Education*
Columbus, OH 43215
T: (614) 461-4455 / F: (614) 621-6293
rwashburn@cloppertlaw.com
*Counsel for Defendant Mark McKinney*